IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

LEON MICHAEL SMITH                                          PLAINTIFF

v.            Civil No. 5:17-cv-05164

SHERIFF TIM HELDER;                                   DEFENDANTS
MAJOR RANDALL DENZER;
DEPUTY GERADO CERVANTES,
ET AL.

## OPINION

Plaintiff, Leon Michael Smith, filed this action pursuant to 42 U.S.C. §1983. He proceeds *pro se* and has filed an application to proceed *in forma pauperis*. The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

## I.     BACKGROUND

According to the allegations of the complaint (ECF No. 1), Plaintiff was booked into the Washington County Detention Center (WCDC) on July 9, 2017. It is not clear from the Complaint if Plaintiff was in convicted status or pretrial status (ECF No. 1 at 3). He indicates he was in jail on a charge of misdemeanor loitering and contempt of court but then states the date of his conviction or probation or parole revocation was July 9, 2017. *Id.*

Plaintiff alleges his constitutional rights were violated in the following ways:

(1) He was denied a blanket from July 9th to July 11th by Deputy Cervantes, Deputy Howerton, and other unnamed guards;

1

(2) Deputy Cervantes made Plaintiff put a chemical designed only for the hair all over his body resulting in his having a bad chemical burn that required him to get lotion every day from the "med cart;"

(3) Plaintiff was put in handcuffs and escorted to a cell by Deputy Cervantes, Deputy Howerton, and other unnamed officers. Plaintiff was taken to the back wall where there was a large painting of a blade and made to get on his knees directly under the painting. Deputy Cervantes then drew his Taser and put it first to the back of the Plaintiff's head and then to his back. Plaintiff indicates the Taser had a "little red beam light on it." The words "rest in peace Zack missed but never forgotten" were written on the wall. Plaintiff indicates Zack was a friend he used to write to. Plaintiff states he was taken by "surprise" by this. The officers then left Plaintiff in the cell;

(4) The cell did not have an intercom button to push to get the attention of the guards;

(5) Plaintiff did not receive hygiene supplies until the following Sunday, July 16, 2017;

(6) Plaintiff was denied his hour out until July 13, 2017;

(7) Plaintiff had a seizure and had no way to summon help. Finally, an inmate, outside the cell, pushed the button for the Plaintiff and he was taken by unnamed deputies to the nurses' station. He was returned to the same cell where he had no access to an intercom button;

(8) Plaintiff had a panic attack and another seizure and the unnamed guards were slow in responding. Plaintiff alleges he almost died;

(9) Plaintiff was denied his mental health medication;

(10) Plaintiff contends he should have never been housed with inmates in the maximum security pod;

(11) Deputy Tim Taylor opened Plaintiff's cell door before the other inmates in the pod were locked down. As Plaintiff was walking out into the next pod for his hour out, he alleges he was jumped by three inmates causing him physical injuries. Plaintiff alleges Deputy Bookout, Deputy Taylor, Deputy Atchley, Deputy Wingate, and Deputy Minor were slow to break up the fight and did not use their equipment such as pepper spray or Tasers to control the fight; and

(12) After he complained about there being no intercom button, Plaintiff alleges he was put in a "strap down chair" by Deputy Hill, Deputy Ruff, and Deputy Smith.

As relief, Plaintiff seeks compensatory and punitive damages.

## II.     LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

### III. DISCUSSION

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, plaintiff must allege that the defendant acted under color of state law and that he violated a right secured by the Constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999). The deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under § 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986).

**(A). Conditions of Confinement**

A number of Plaintiff's claims fall under the broad category of conditions of confinement claims. These include: the denial of a blanket from July 9th to July 11th; being required to use a chemical to clean his body; not having hygiene supplies between July 9th and July 16th; and being denied his hour out from July 9th to July 13th.

The Eighth Amendment to the United States Constitution prohibits the imposition of cruel and unusual punishment. U.S. Const. amend. VIII. The Cruel and Unusual Punishment Clause of the Eighth Amendment forbids conditions that involve the "wanton and unnecessary infliction of pain," or are "grossly disproportionate to the severity of the crime." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

"[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *County of Sacramento v. Lewis*, 523 U.S. 833, 851 (1998)(citation

omitted). The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

"The Eighth Amendment prohibits punishments that deprive inmates of the minimal civilized measure of life's necessities." *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir. 1996); *see also Hall v. Dalton*, 34 F.3d 648, 650 (8th Cir. 1994)("[I]n this circuit, the standards applied to Eighth Amendment and Fourteenth Amendment claims have been the same"). Jail or prison officials must provide reasonably adequate ventilation, sanitation, bedding, hygienic materials, food, and utilities. Prison conditions claims include threats to an inmate's health and safety. *Irving v. Dormire*, 519 F.3d 441, 446 (8th Cir. 2008)(citation omitted).

To state an Eighth Amendment claim, the plaintiff must allege that prison officials acted with "deliberate indifference" towards conditions at the prison that created a substantial risk of serious harm. *Farmer*, 511 U.S. at 834. "Conditions of confinement, however, constitute cruel and unusual punishment 'only when they have a mutually enforcing effect that produces deprivation of a single, identifiable human need such as food, warmth, or exercise.'" *Whitnack v. Douglas County*, 16 F.3d 954, 957 (8th Cir. 1994)(*quoting Wilson v. Sieter*, 501 U.S. 294 (1991)).

This standard involves both an objective and subjective component. The objective component requires an inmate to show that "he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834 (citations omitted); *see also Hudson v. McMillian*, 503 U.S. 1, 2 (1992) (The objective component is "contextual and responsive to contemporary standards of decency")(quotation omitted). To satisfy the subjective component, an inmate must show that prison officials had "a sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834 (citations omitted); *see also Brown v. Nix*, 33 F.3d 951, 954-55 (8th Cir. 1994). The

subjective component "requires proof of a reckless disregard of a known risk." *Crow v. Montgomery*, 403 F.3d 598, 602 (8th Cir. 2005)(citation omitted).

Plaintiff's allegations are insufficient to establish a plausible claim as to whether Plaintiff was incarcerated under conditions posing a substantial risk of serious harm or to suggest he was deprived of a single identifiable human need such as food, warmth, or exercise. With respect to the blanket, Plaintiff alleges only that he went without a blanket for three days. He makes no further allegations that the temperature in the cell and his clothing were insufficient to maintain his body temperature. This is clearly insufficient to state a claim. *Williams v. Delo*, 49 F.3d 442, 446 (8th Cir. 1995)("no absolute Eighth Amendment right not to be put in a cell without clothes or bedding"); *Williams v. McClain*, 708 F. Supp. 1086, 1088 (W.D. Mo. 1989)(no claim of constitutional dimension when prisoner held in a cell without a blanket or sheet). Similarly, with respect to his allegation that he was denied hygiene products for a week, the deprivation, while perhaps unpleasant, was minimal and only lasted a short time. *Green v. Baron*, 879 F.2d 305, 309 (8th Cir. 1989)(minimal deprivations do not violate the Constitution); *see also Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996)("A long-term, repeated deprivation of adequate hygiene supplies violates inmates' Eighth Amendment rights"). Deprivation of his hour out from July 9th to July 13th was also minimal and there is no allegation that Plaintiff could not perform exercise of some type in his cell. *Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir. 1992)("lack of exercise may be a constitutional violation if one's muscles are allowed to atrophy or if an inmate's health is threatened").

Finally, Plaintiff alleges that when showering as part of the book in process he was forced by Deputy Cervantes to use a "chemical" meant only for his hair on his entire body. Plaintiff had an adverse reaction and was treated with lotion. There is nothing to suggest that Deputy Cervantes

knew the Plaintiff would have an adverse reaction. Plaintiff was only required to use the chemical a single time and there is nothing suggesting Deputy Cervantes acted with a sufficiently culpable state of mind so as to satisfy the subjective component of the Eighth Amendment. No plausible conditions of confinement claims have been stated.

**(B). Threatened with Use of the Taser**

"Verbal threats do not constitute a constitutional violation." *Martin v. Sargent*, 780 F.2d 1334, 1339 (8th Cir. 1985). Similarly, taunts, name calling, and the use of offensive language does not state a claim of constitutional dimension. *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (inmate's claims of general harassment and of verbal harassment were not actionable under § 1983).

An exception is recognized "when the state official engaged in a brutal and wanton act of cruelty even though no physical harm was suffered." *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008) (internal quotation marks and citation omitted). In *Burton v. Livingston*, 791 F.2d 97, 99-100 (8th Cir. 1986), the court found Burton had stated a constitutional claim where the officer pointed a gun at Burton's head and told him to run so that the officer would have an excuse to shoot him. The court stated that "a prisoner retains at least the right to be free from the terror of instant and unexpected death at the whim of his . . . custodians." *Id.* at 100. In *Hopson v. Fredericksen*, 961 F.2d 1374, 1378 (8th Cir. 1992), the court found no constitutional claim was stated when the officers seated in the front seat of a patrol car threatened to knock out the back-seat occupant's teeth if he did not start talking. "The officers did not threaten Hopson's life, nor did they raise any fist or weapon to Hopson or otherwise take any action to make the threat seem credible." *Irving*, 519 F.3d at 449.

Plaintiff has asserted a plausible claim against Deputy Cervantes and Deputy Howerton. Plaintiff was handcuffed and on his knees at the back of a cell when the Taser was placed at the back of his head and then to his back. Plaintiff alleges the Taser was emitting a red beam of light which would appear to indicate it was on and ready to use. He also alleges he was placed directly under the drawing of a knife and a rest in peace note about a former inmate.

**(C). Denial of Adequate Medical Care**

Plaintiff alleges he suffered two seizures and a panic attack in a cell where he had no direct way to summon deputies. Plaintiff also alleges deputies were slow to respond. Finally, Plaintiff alleges he was denied his mental health medication.

For a denial of medical care claim, Plaintiff must demonstrate: (1) that he suffered from an objectively serious medical need; and (2) that the prison officials actually knew of but deliberately disregarded those needs. *See e.g., Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000).

None of the named Defendants are medical care providers. Plaintiff has not identified any particular acts taken by any of the named Defendants. To establish liability under § 1983, the plaintiff must "plead that a government official has personally violated the plaintiff's constitutional rights." *Jackson v. Nixon*, 747 F.3d 537, 543 (8th Cir. 2014). Here, Plaintiff has failed to do so. No plausible denial of medical care claims have been stated.

**(D). Classification & Housing**

Plaintiff does not identify any of the named Defendants as being the ones responsible for the decision of how he should be classified and where he should be housed in the facility. No plausible claim is stated. *See e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)(plaintiff must plead that each government official violated the Constitution through the official's own actions).

**(E). Failure to Protect**

In this claim, Plaintiff alleges Deputy Taylor opened his cell door before locking down the doors of other inmates in the same pod. Plaintiff contends this allowed three inmates to attack him causing him physical injuries. Plaintiff further alleges that Deputy Bookout, Deputy Taylor, Deputy Atchley, Deputy Wingate, and Deputy Minor were slow to break up the fight and did not use all equipment available to them to assist in putting an end to the fight.

Prison officials are required to take reasonable measures to "protect prisoners from violence at the hands of other prisoners." *Farmer*, 511 U.S. at 832. This duty is imposed because being subjected to violent assaults in not "part of the penalty criminal offenders pay for their offenses." *Rhodes*, 452 U.S. at 347.[1] To prevail on a failure to protect claim, a plaintiff must: (1) demonstrate he was "incarcerated under conditions posing a substantial risk of serious harm;" and (2) show that the official being sued "knows of and disregards an excessive risk of inmate health or safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 834, 837.

Plaintiff has not alleged facts suggesting he was incarcerated under conditions posing a substantial risk of harm or that the named deputies knew of and disregarded an excessive risk to his health or safety. Merely alleging that an attack or fight occurred is insufficient to assert a plausible failure to protect claim.

Plaintiff's belief the Defendants did not act quickly enough to break up the fight fails to state a claim. Plaintiff has made no allegations that the Defendants intentionally delayed in

---

[1] A pretrial detainee's failure to protect claims arise under the Fourteenth Amendment. *See Vaughn v. Greene County*, 438 F.3d 845, 850 (8th Cir. 2006). However, the Eighth Amendment deliberate indifference standard is applied to the claims.

9

responding to the fight or in breaking the fight up. Plaintiff merely believes that if Defendants had used Tasers and other equipment at their disposal that the fight might have ended more quickly. This belief is insufficient to state a claim of constitutional dimension.

### (F). Retaliation

Next, Plaintiff claims that Deputy Hill, Deputy Ruff, and Deputy Smith put him in a restraint chair ("strap chair") after he complained about there being no intercom button in his cell. An inmate has a First Amendment right to seek redress of grievances. *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989). Conduct that is not otherwise actionable, becomes actionable if done in retaliation for an inmate seeking redress of a grievance. *Dixon v. Brown*, 38 F.3d 379, 379 (8th Cir. 1994). I believe Plaintiff has alleged a plausible retaliation claim.

### (G). Official Capacity and Supervisory Liability Claims

Plaintiff's official capacity claims are the equivalent of claims against Washington County. "Official-capacity liability under 42 U.S.C. § 1983 occurs only when a constitutional injury is caused by 'a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy.'" *Grayson v. Ross*, 454 F.3d 802, 810-811 (8th Cir. 2006)(*quoting Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). Plaintiff has not alleged the existence of any custom or policy of Washington County that was a moving force behind the alleged constitutional violations.

Similarly, Plaintiff has not alleged any basis on which Sheriff Helder or Major Denzer may be held liable. *Monell* rejected liability based on respondeat superior. *Monell*, 436 U.S. at 691. "A supervisor is not vicariously liable under 42 U.S.C. § 1983 for an employee's unconstitutional activity." *White v. Holmes*, 21 F.3d 277, 280 (8th Cir. 1994). "Rather, official-capacity liability

must be based on deliberate indifference or tacit authorization." *Grayson*, 454 F.3d at 811. Plaintiff has made no factual allegations against Sheriff Helder or Major Denzer.

## IV. CONCLUSION

No plausible claims are stated with respect to Plaintiff's conditions of confinement claims, his denial of medical care claims, his classification and/or housing claims, his failure to protect claims, or his official capacity and supervisory liability claims. These claims are **DISMISSED WITHOUT PREJUDICE.** *See* 28 U.S.C. § 1915(e)(2)(B) (*in forma pauperis* action, or any portion of it, may be dismissed at any time due to frivolousness or for failure to state a claim). This dismisses the following Defendants: Sheriff Tim Helder; Major Randall Denzer; Deputy Taylor; Deputy Bookout; Deputy Atchley; Deputy Wingate; and Deputy Minor.

This leaves for later resolution the following: the claim against Deputy Cervantes and Deputy Howerton based on the threatened use of a Taser; and the retaliation claim against Deputy Hill, Deputy Ruff, and Deputy Smith. The Complaint will be served on these Defendants.

IT IS SO ORDERED on this 15th day of September 2017.

/s/ P.K. Holmes, III
P. K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE